UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD J. McLEAN,

        Petitioner,        Case No. 1:12-cv-1401

v.        Honorable Paul L. Maloney

KENNETH McKEE,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

I. Factual allegations

Petitioner Ronald J. McLean presently is incarcerated at the Bellamy Creek Correctional Facility. He pleaded guilty in the Muskegon County Circuit Court to three charges of second-degree home invasion, MICH. COMP. LAWS § 750.110a(3).[1] On March 22, 2010, he was sentenced as a third felony offender, MICH. COMP. LAWS § 769.11, to a prison term of 3 to 30 years on the first conviction, and as a fourth felony offender, MICH. COMP. LAWS § 769.12, to two terms of 11 years and 10 months to 40 years on the remaining two convictions.

Petitioner, through counsel, filed an application for leave to appeal his conviction, raising a single claim:

> Defendant-Appellant must be re-sentenced where the trial court abused it[]s discretion when it scored 20 points rather than 0 points for PRV 2 resulting in multiple punishments for the same offense where Defendant-Appellant's prior low-severity felonies were used to enhance his minimum and maximum sentence as a habitual offender (MCL 77[7].21(3)(c) & MCL 769.12) and used a second time to increase[] his sentencing guideline recommended sentence in contravention of the state and federal constitutional prohibition against double jeopardy.

(Pet., docket #1, Page ID#2.) Petitioner attempted to file a supplemental *pro per* brief on appeal, but was unsuccessful. In an order issued April 19, 2011, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented.

Petitioner, proceeding *pro se*, filed an application for leave to appeal to the Michigan Supreme Court. He raised the issue rejected by the court of appeals, together with the following claims:

---

[1] The three offenses were charged in separate cases in the Muskegon County Circuit Court. *See People v. McLean*, Case Nos. 09-58469-FH, 10-58838-FH, and 10-58945-FH.

(b) Defendant was denied due process when the court used uncounseled convictions to score his sentencing guidelines.

(c) Defendant's Prior Record Variables were improperly scored by the trial court.

(d) Defendant's sentence was improperly enhanced with the Habitual Offender Act.

(*Id.*, Page ID#3.) The supreme court denied leave to appeal on September 26, 2011.

On December 10, 2012, Petitioner filed a motion for relief from judgment in the Muskegon County Circuit Court, raising five issues:

I. Mr. McLean was denied his Sixth Amendment right to the effective assistance of counsel on appeal where counsel failed to raise the substantive issues contained within this motion for relief from judgment, establishing the cause required by MCR 6.508(D)(3)(a).

II. Mr. McLean was deprived of his Sixth Amendment right to counsel during critical stages of the proceedings without knowingly and intelligently waiving his right to be represented by counsel when the state engaged in plea negotiations and repeated interrogation without counsel being present.

III. Mr. McLean was denied the effective assistance of counsel in the trial court where counsel failed to perform as the advocate guaranteed by the Sixth Amendment.

IV. Mr. McLean is entitled to re-sentencing where the trial court abused it[]s discretion and sentenced him using inaccurate, invalid or otherwise unclear information as to his prior criminal record.

V. The Trial Court erred when it considered misdemeanor convictions to enhance Mr. McLean's sentence pursuant to the Habitual Offender Act.

(*Id.*, Page ID#4.) The motion was denied on January 18, 2013. Petitioner has not yet appealed the decision to either the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner filed the instant habeas petition on or about December 20, 2012.[2] In his petition, Petitioner raises the following six grounds for relief:

    I.     Violations to [P]etitioner's Fifth and Fourteenth Amendment Constitutional Right[s] to be free from Double Jeopardy.

    II.    Petitioner was denied the effective assistance of appellate counsel on his direct appeal, thereby establishing the cause for any alleged procedural default.

    III.   Petitioner was denied his Fifth and Sixth Amendment rights to counsel during 'critical stages' of the proceedings and did not knowingly and intelligently waive that right.

    IV.   Violation of Petitioner's Sixth Amendment Right to the effective assistance of Trial Counsel, as guaranteed by the Sixth Amendment.

    V.    Violation of Petitioner's Fourteenth Amendment right to due process and equal protection where the Trial Court sentenced using constitutionally infirm convictions which were obtained in violation of *Gideon v Wainright*, 372 U[.]S[.] 335 (1963) & *Douglas v California*, 372 U.S. 353 (1963), to score his sentencing guidelines, thereby resulting in 28 month increase in his minimum sentencing exposure.

    VI.   Violation of Petitioner's Fourteenth Amendment right to due process [] to be sentenced according to accurate information, where the Trial Court considered Misdemeanors as Felony convictions when scoring his sentencing guidelines and determining his Habitual Offender status[.]

(*Id.*, Page ID##6-10.)

---

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on December 20, 2012, and it was received by the Court on December 27, 2012. Thus, it must have been handed to prison officials for mailing at some time between December 20 and December 27, 2012. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that only his first habeas ground was presented on direct appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. He also acknowledges that his motion for relief from judgment, in which he ostensibly raises the remaining five grounds, has not yet been appealed to either the Michigan Court of Appeals or the Michigan Supreme Court. As a consequence, Grounds II through VI are not yet exhausted.

-5-

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may appeal the denial of his motion for relief from judgment. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must appeal the trial court's denial of his motion to both the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on September 26, 2011. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 26, 2011. Accordingly, Petitioner had one year from that date, or until December 26, 2012, in which to file his habeas petition. Petitioner filed the instant petition on December 20, 2012, six days before expiration of the limitations period.

The *Palmer* Court indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In the instant case, because Petitioner already has filed his motion for relief from judgment, he does not require 30 days to file a motion for post-conviction relief. However, he does not have the necessary 30 days to return to this court before expiration of the statute of limitations. As a result, were the

Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for the his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.


Dated:   February 12, 2013                             /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       Chief United States District Judge