UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| RONALD J. MCLEAN, JR., #275421, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:12-cv-1401 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| KENNETH MCKEE, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This is a habeas corpus proceeding brought *pro se* by a state prisoner pursuant to
28 U.S.C. § 2254. Petitioner is currently serving three concurrent sentences of eleven
years and ten months to forty years' imprisonment following his guilty pleas in
Muskegon County Circuit Court to three counts of second-degree home invasion, MICH.
COMP. LAWS § 750.110a(3). After unsuccessful attempts to overturn his sentences in
state court, petitioner filed this habeas corpus petition. Petitioner seeks federal habeas
corpus relief on the following grounds:

I. Petitioner's Fifth and Fourteenth Amendment rights against
double jeopardy were violated because his prior felonies were used
to score a prior offense variable (PRV2) under Michigan's
sentencing guidelines and to enhance his sentence as an habitual
offender.

II. Petitioner was denied effective assistance of appellate counsel in
connection with his application for leave to appeal.

III. Petitioner was denied his Fifth and Sixth Amendment rights to
counsel during critical stages of the proceedings and he did not
knowingly and intelligently waive those rights.

IV. Petitioner's trial counsel was ineffective in violation of his Sixth Amendment rights.

V. The trial court violated petitioner's Fourteenth Amendment rights to due process and equal protection when it sentenced petitioner based on constitutionally infirm convictions which were obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963) and *Douglas v. California*, 372 U.S. 353 (1963) to score his sentencing guidelines, thereby resulting in a 28 month increase in his minimum sentencing exposure.

VI. The trial court violated petitioner's Fourteenth Amendment right to due process to be sentenced according to accurate information where the trial court considered misdemeanors as felony convictions when scoring his sentencing guidelines and determining his habitual offender status.[1]

(Amended Petition, ECF No. 11, PageID.234-41). Respondent argues in his answer that the petition should be denied for lack of merit in the grounds raised. (Answer, 2, 25-54, ECF No. 17, PageID.264, 287-316). In addition, respondent argues that Grounds V and VI are barred by procedural defaults and petitioner has not established grounds to overcome those procedural defaults. (*Id.* at 52-55, PageID.314-17).

After review of the state-court record, the Court finds that the petition fails to establish grounds for federal habeas corpus relief. The petition will be denied.

## Standard of Review

The Court's review of this petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). AEDPA "dictates a highly

---

[1]Petitioner's invocation of rights under Michigan law have been ignored. Federal habeas corpus relief is not available for alleged violations of state law. 28 U.S.C. § 2254(a).

deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted). "AEDPA requires heightened respect for state court factual and legal determinations." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). "State-court factual findings [] are presumed correct; the petitioner has the burden of rebutting the presumption by clear and convincing evidence." *Davis v. Ayala*, 135 S. Ct. 2187, 2199-2200 (2015) (citations and internal quotations omitted).

If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); *see Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)). AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (*per curiam*).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102-03 (citation and internal quotation omitted); *see Woods v. Donald*, 135 S. Ct. 1372, 1376

(2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see White v. Wheeler*, 136 S. Ct. 456, 460 (2015); *Davis v. Ayala*, 135 S. Ct. at 2198; *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. at 1702; *see Woods v. Donald*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.* (quotations and internal citations omitted).

An unreasonable application of the Supreme Court's holding must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal

court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. at 103). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' " and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (quoting *Parker v. Matthews*, 132 S. Ct. at 2155); *see Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (per curiam) ("As we have repeatedly emphasized, [] circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'").

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).  Section 2254(d)(2) requires that this Court accord the state trial court substantial deference.  If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.  *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013).

## Findings of Fact

### A.  Circuit Court Proceedings

On February 10, 2010, petitioner appeared before Judge Quinn Benson in Muskegon County Circuit Court for the purpose of entering his guilty plea to three counts of second-degree home invasion.  (Plea Transcript (PT), ECF No. 18-4, PageID.340-68).  Petitioner was represented by Attorney Lynn Bremer.  Petitioner had

a lengthy criminal history. If convicted of any one of the three charges, petitioner faced a potential life sentence. By entering guilty pleas, petitioner was able to avoid the life sentences attendant to his status as an habitual offender. (PT at 8, 10, 12, 15, PageID.347, 349, 351, 354). Petitioner agreed to plead "guilty as charged in all three files," but under a "*Cobbs*"[2] agreement, petitioner would be sentenced within Michigan's sentencing guidelines. (PT, 4-5, PageID.343-45).

With regard to habitual offender, fourth offense notice, the parties had no objection to a modification that eliminated the allegation that, "on December 5, of 1999[,] the Defendant was convicted of attempted resisting and obstruction" and added that, "on or about September 12 of 2005, the Defendant was convicted of operating while intoxicated, third offense[.]" (PT, 6, PageID.345). This change established uniform habitual offender notices for all three files. (*Id.*). The plea hearing transcript reveals that each felony information and its accompanying habitual offender notice were read into the record. (PT, 7-13, PageID.346-52 ). Thus, petitioner heard at least three times each of his prior felony convictions supporting the habitual offender notice:

> [T]he defendant was previously convicted of three or more felonies or attempts to commit felonies in that on or about September 12th of 2005 the Defendant was convicted of operating while intoxicated, third-offence notice, in the 27th Circuit Court for the City of White Cloud in the State of Michigan; [a]nd on or about November 16th 1998 he was convicted of attempted obstruction of justice in violation of Michigan law, in the 13th Circuit Court in the State of Michigan; [a]nd on or about November 6, 2006 he was convicted of the offense of operating while intoxicated, third-

---

[2]*People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993). Under a *Cobbs* agreement, the court indicates a tentative sentence at the time of the plea. If the court determines at sentencing that the sentence should be higher, the defendant must be afforded the option of withdrawing the plea.

> offense notice, contrary to Michigan law, in the 27th Circuit Court. And
> therefore the Defendant is subject to the penalties provided by MCL
> 769.12. The penalty for which is life if the primary offense has a penalty
> of five years or more; 15 years or less if the primary offense has a penalty
> of under five years. Here we have an offense which would be elevated to
> life.

(PT, 7-8, PageID.346-47; *see also* PT, 9-12, PageID.348-51). In addition to pleading

guilty to each of the three counts of second-degree home invasion, petitioner testified

that he had been convicted of each of the felonies listed in the habitual offender, fourth

offense notice. (PT, 18-19, PageID.357-58). Judge Benson accepted petitioner's guilty

pleas: "I find that the Defendant has offered a plea of guilty to the offense of home

invasion second degree on three separate files that I've already mentioned. Your

testimony establishes that you committed the crime or aided in the committing of the

crime in Muskegon County. The court finds the plea to be knowing, voluntary,

understanding and accurate. For all these reasons, I accept your plea." (PT, 26,

PageID.365).

On March 8, 2010, Judge James Graves, Jr., conducted a sentencing hearing.

(Sentencing Transcript (ST), ECF No. 18-5, PageID.369-79). During the course of the

hearing, petitioner's attorney confirmed that she had an opportunity to read the

presentence report and the attached sentencing guideline sheets, and that there were

no additions or corrections. (ST, 4-5, PageID.374-75). The presentence investigation

report showed that petitioner had more than three prior felony convictions. (ECF No.

18-8, PageID.540-46). Among other things, with regard to the three convictions stated

in the habitual offender notices, the presentence investigation report showed that

petitioner was represented by counsel when he plead guilty to each of those crimes. (*Id.* at PageID.543-44). The sentencing information report included a score of 20 on prior record variable 2 (PRV2). (*Id.* at PageID.529-31). The sentencing guideline range was 36 to 142 months. (*Id.*). The sentencing hearing transcript reveals the following exchange between Judge Graves and petitioner:

> THE COURT: All right. Mr. McLean, have you had the opportunity to read the presentence report and the attached guideline sheets and discuss those with your attorney?
>
> THE DEFENDANT: Yes, I have, Your Honor.
>
> THE COURT: And sir, do you have any additions or corrections?
>
> THE DEFENDANT: No. Everything appears to be correct.

(ST, 5, ECF No. 18-5, PageID.375). Judge Graves sentenced petitioner to concurrent sentences of eleven years and ten months to forty years' imprisonment. (ST, 7-9, PageID.377-79; Judgment of Sentence Commitment to Department of Corrections, ECF No. 18-8, PageID.525-27). This sentence was consistent with the *Cobbs* agreement.

## B. Subsequent Proceedings

Petitioner sought leave to appeal in the Michigan Court of Appeals. (ECF No. 18-8, PageID.501-17). Petitioner was represented by Attorney Laurel Young. Petitioner raised the following issue regarding his sentence:

> Defendant-Appellant must be resentenced where the trial court abused its discretion when it scored 20 points rather than 0 points for PRV 2 resulting in multiple punishments for the same offense where Defendant-Appellant's prior low-severity felonies were used to enhance his minimum and maximum sentence as a habitual offender (MCL 777.21(3)(c) & MCL 769.12) and used a second time to increase his PRV score and again increase his sentencing guideline recommended

-8-

minimum sentence in contravention of the state and federal constitutional prohibition against double jeopardy.

(ECF No. 18-8, PageID.508). On April 19, 2011, the Michigan Court of Appeals denied petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented." (*Id.* at PageID.497).

Petitioner sought review in Michigan's highest court. (ECF No. 18-9, PageID.597-799). On September 26, 2011, the Michigan Supreme Court denied petitioner's application for discretionary review because it was not persuaded that the questions presented should be reviewed by the court. (*Id.* at PageID.596).

On December 12, 2012, petitioner filed a motion for relief from judgment in Muskegon County Circuit Court. (ECF No. 18-7, PageID.491).

On December 20, 2012, petitioner filed his federal habeas corpus petition.[3] (ECF No. 1).

On December 26, 2012, Judge Graves entered his opinion and order denying petitioner's motion for relief from judgment. Judge Graves held that all petitioner's arguments lacked merit. Petitioner's trial and appellate counsel had not been ineffective and there had been no sentencing error. (ECF No. 18-7, PageID.491-96).

Petitioner sought leave to appeal in the Michigan Court of Appeals. On October 23, 2013, the Michigan Court of Appeals denied petitioner's application for leave to appeal "for failure to meet the burden of establishing entitlement to relied

---

[3]Although petitioner actually filed his petition on December 27, 2012, he is entitled to the benefit of the mailbox rule. The petition is deemed filed on December 20, 2012. (ECF No. 1, PageID.13).

-9-

under MCR 6.508(D)." (ECF No. 18-10, PageID.800). Petitioner sought review in the Michigan Supreme Court. On February 28, 2014, it denied petitioner's application for leave to appeal because he "failed to meet the burden of establishing entitlement to relief under MCF 6.508(D)." *People v. McLean*, 843 N.W.2d 541(Mich. 2014).

On March 26, 2014, petitioner filed his amended petition. It is deemed filed as of March 23, 2014, under the mailbox rule. (ECF No. 11, PageID. 242).

**Discussion**

## I.      Double Jeopardy

In Ground I, petitioner claims a violation of his Fifth and Fourteenth Amendment[4] rights against double jeopardy in that his prior felonies were used to score a prior offense variable (PRV2) under Michigan's sentencing guidelines and to enhance his minimum and maximum sentence as an habitual offender. (Amended Petition, 7, ECF No. 11, PageID.234). Petitioner relies on the brief filed in the Michigan Court of Appeals in support of his delayed application for leave to appeal. (*Id.*; *see* ECF No. 18-8, PageID.501-17).

The Double Jeopardy Clause of the Fifth Amendment provides, "No person ... shall ... be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause provides defendants protection against three basic harms: second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense. *See Brown*

---

[4]The Fifth Amendment's Double Jeopardy Clause applies to the states through the Fourteenth Amendment's Due Process Clause. *See Benton v. Maryland*, 395 U.S. 784, 794 (1969).

*v. Ohio*, 432 U.S. 161, 165 (1977).  Petitioner claims a violation of "only the third protection of the Double Jeopardy Clause, the protection from multiple punishments for the same offense."  (ECF No. 18-8, PageID.510).

Petitioner simply reiterates the arguments rejected by the Michigan Court of Appeals.  The Court of Appeals was not persuaded that use of petitioner's "three prior low severity felonies" to "twice enhance his sentence" (*Id.* at PageID.516) was contrary to legislative intent, violated Michigan law, or violated petitioner's constitutional rights.  The Michigan Court of Appeals denied petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented."  (*Id.* at PageID.497).

Michigan's legislature authorized sentencing fourth habitual offenders like petitioner up to life imprisonment.  MICH. COMP. LAWS § 769.12.  It also created a sentencing guideline provision stating that if the offender has three prior low severity felony convictions, PRV2 should be scored at "20 points."[5] MICH. COMP. LAWS § 777.52 It also established that where, as here, the offender is being sentenced for a fourth or subsequent felony, the applicable guideline range is enhanced.  MICH. COMP. LAWS § 777.21(3)(c).  Petitioner argues in a footnote that if he had been able to negotiate a plea like he did in Kent County that "dropped the habituals . . . his guideline score would have been 36-71 months." (ECF No. 18-8, PageID.512).  Here, however, the habitual offender charges were never dropped and petitioner pleaded guilty to the

_____

[5]*See Grumbley v. Burt*, 591 F. App'x 488, 501 (6th Cir. 2015) for an explanation of how prior record variables and offense variables are used in calculating sentences under Michigan's sentencing guidelines.

habitual offender charges. The Michigan Court of Appeals rejected petitioner's claim of error in the sentencing guidelines calculation.

There was no sentencing guidelines error because state courts are the final arbiters of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Even if there had been an error, it would not provide a basis for relief. It is well established that a perceived sentencing guidelines error is not a basis for federal habeas corpus relief. Habeas corpus relief does not lie for perceived state law errors. 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Wills v. Woods*, No. 16-2260, 2017 WL 4122571, at *3 (6th Cir. Sept. 1, 2017) (A challenge to the scoring of the Michigan sentencing guidelines "is a matter of state law and not cognizable on federal habeas review.").

Historically, the Supreme Court has "found double jeopardy protections inapplicable to sentencing proceedings because the determinations at issue do not place a defendant in jeopardy for an 'offense.' " *Monge v. California*, 524 U.S. 721, 728 (1998) (citation and quotation omitted). It is well settled that sentencing enhancement provisions do not subject a defendant to multiple punishments for the same offense. *Id.*; *see also Carpenter v. Chapleau*, 72 F.3d 1269, 1272 (6th Cir. 1996). "An enhanced sentence imposed on a persistent offender thus 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" *Monge*, 524 U.S. at 728 (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)).

The Michigan Court of Appeals rejected petitioner's arguments that his sentences violated his Fifth and Fourteenth Amendment rights against double jeopardy. (ECF No. 18-8, PageID.497). Petitioner has not addressed, much less carried, his burden of demonstrating that the Michigan Court of Appeals' decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; nor has he shown that it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## II.    Assistance of Counsel

Petitioner's claims of ineffective assistance of trial and appellate counsel are found in Grounds II and III.

### A.    Trial Counsel

Ground III is petitioner's claim that he was denied "his Fifth and Sixth Amendment rights to counsel during 'critical stages' of the proceedings and [that he] did not knowingly and intelligently waive [those] right[s]." (Amended Petition at 8, ECF No. 11, PageID.235). Petitioner relies on the motion for relief from judgment that he filed in Muskegon County Circuit Court. (*Id.* at 8-10, PageID.235-37; *see* ECF No. 18-6, PageID.399-406). Petitioner does not address Judge Grave's opinion and order denying petitioner's motion for relief from judgment. (ECF No. 18-7, PageID.491-96). Under 28 U.S.C. § 2254(e)(1) a factual determination made by a state court must be "presumed to be correct" and petitioner has "the burden of rebutting the presumption by clear and convincing evidence." Further, under 28 U.S.C. § 2254(d), it is petitioner's

burden to demonstrate that the state court decision rejecting his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner did not carry his burdens under 28 U.S.C. §§ 2254(d) and (e)(1) by ignoring them. This is true for Ground III and all other grounds raised by petitioner.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). On the prejudice prong, petitioner "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Because the trial court decided petitioner's claims of ineffective assistance of counsel on their merits, its decision must be afforded deference under AEDPA. *See*

*Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013); *Harrington v. Richter*, 562 U.S. at 98-102. To receive habeas relief, petitioner must demonstrate that the state court's decision was contrary to, or represented an unreasonable application of, *Strickland v. Washington*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

Hence, it is not enough to convince the federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, petitioner must show that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell*, 535 U.S. at 699; *see Campbell v. Bradshaw*, 674 F.3d 578, 586-87 (6th Cir. 2012). This creates a "high burden" for petitioner. *See Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006); *see also Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013). "[B]ecause the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Supreme Court decisions describe this as "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard." *Knowles*, 556 U.S. at 123; *see Woods v. Donald*, 135 S. Ct. at 1375-77; *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (per curiam). The question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Premo v. Moore*, 562 U.S. 115, 123 (2011); *see McGowan v. Burt*, 788 F.3d 510, 515 (6th Cir. 2015). Petitioner must show that the state court's ruling on the claim being presented in federal court was "so lacking in justification that there

was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods v. Donald*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. at 103); *see also Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (per curiam).

Judge Graves rejected all petitioner's claims of ineffective assistance of counsel for lack of merit. (ECF No. 18-7, PageID.491-96). Petitioner was not abandoned by his district court counsel when she informed petitioner that a different public defender would be representing him in circuit court proceedings. Further, there had never been a binding plea agreement for an eight to thirty year sentence, and no such agreement had been approved by the court. The plea transcript established that petitioner "knew and understood that the only sentence agreement was that the sentence would be within the guidelines; that defendant's understanding was that the guidelines would be as high as 42 to 170 months; and that by pleading guilty [petitioner] was giving up any claim that his plea was the result of promises or threats that were not disclosed to the court at the plea proceeding. For these reasons, [petitioner was] not entitled to relief based upon any discussions of an eight to thirty year plea agreement." (*Id.* at PageID.492).

In addition, petitioner's guilty plea "waive[d] all nonjurisdictional defects in the proceedings." (*Id.* at PageID.493). Petitioner "pled guilty to being a habitual felon, fourth felony offense. In so doing, he acknowledged in his plea that he had two prior convictions of OUIL-3d offense and a prior conviction for attempted obstruction of justice. (*Id.* at PageID.493-94). Judge Graves flatly rejected petitioner's argument

that OUIL-3d was not a felony. The crime "is a felony." (*Id.* at PageID.494) (citing

MICH. COMP. LAWS § 257.625(9)(c)). With respect to the petitioner's argument that the

trial judge failed to advise defendant when he pled guilty to attempted obstruction of

justice that the conviction could be used in the future as a sentence-enhancement

conviction under the habitual offender statute, Judge Graves found:

> [T]here was no legal requirement that [petitioner] be so advised. Insofar
> as [petitioner made] the same argument as to a prior conviction for
> Attempted Accessory after the Fact, the same holding would apply. Also,
> MCL 769.12(1) provides that an attempt to commit a felony may be used
> as a conviction to enhance a sentence under the habitual offender statute.

(ECF No. 18-7, PageID.494).

Petitioner has not shown that the state court decision rejecting all his claims of

ineffective assistance of trial counsel was "contrary to, or an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United

States" under the "doubly deferential" standard of review. 28 U.S.C. § 2254(d)(1).

B.    Appellate Counsel

In Ground II, petitioner claims of ineffective assistance of appellate counsel.

(Amended Petition at 7-8, ECF No. 11, PageID.234-35). He relies on the arguments

that he presented in his motion for relief from judgment. (*Id.*; *see* ECF No. 18-6,

PageID.391-99).

Claims of ineffective assistance of appellate counsel are measured under the

*Strickland* standards. *See Evitts v. Lucey*, 469 U.S. 387 (1985). Appellate counsel acts

within the fair range of professional assistance when counsel chooses not to assert

weak or unsupported issues on appeal. *See Smith v. Murray*, 477 U.S. 527, 536 (1986).

Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. *See United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). " 'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of appellate advocacy." *Smith v. Murray*, 477 U.S. at 536 (quoting *Jones v. Barnes*, 463 U.S. at 751-52). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). To overcome the presumption of competence of appellate counsel in these circumstances, petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. *Id.*; *see Bourne v. Curtin*, 666 F.3d 411, 414 (6th Cir. 2012). Appellate counsel has no duty to raise meritless issues. *Evitts*, 469 U.S. at 394; *Jones v. Barnes*, 463 U.S. 745, 753-54 (1983); *Lewis v. Alexander*, 11 F.3d 1349, 1354 (6th Cir. 1993).

As for prejudice, the court focuses on whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair," *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), and the petitioner "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 694. Consequently, counsel's failure to raise an issue on appeal is ineffective assistance "only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005).

Judge Graves found that petitioner's appellate counsel did not render ineffective assistance when she declined to assert the meritless claims that petitioner raised in his motion for relief from judgment. Further, petitioner suffered no prejudice stemming from his appellate counsel's decision not to raise those arguments on direct appeal. (ECF No. 18-7, PageID.495-96).

The Court finds that the trial court's decision rejecting all petitioner's claims of ineffective assistance of appellate counsel easily withstands scrutiny under the "doubly deferential" standard of review. *See* 28 U.S.C. § 2254(d)(1).

## III. SENTENCING

Petitioner's Grounds V and VI are challenges to his sentences. Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *see also Wills v. Woods*, 2017 WL 4122571, at *3. There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978).

### A. Criminal History

In Ground V, petitioner claims that the trial court violated his Fourteenth Amendment rights to due process and equal protection when it sentenced him based on "constitutionally infirm convictions which were obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963) and *Douglas v. California*, 372 U.S. 353 (1963) to

score his sentencing guidelines, thereby resulting in a 28 month increase in his minimum sentencing exposure." (Amended Petition at 12, ECF No. 11, PageID.239). Petitioner relies on the brief that he filed in support of his motion for relief from judgment. (*Id.*). In that brief, petitioner claimed that "his guidelines were incorrectly scored using numerous convictions which were obtained while indigent and without the benefit of counsel, and that he did not waive his counsel." (ECF No. 18-6, PageID.420). Petitioner then argued that he had not been represented by counsel or waived counsel in various instances where the presentence investigation report documented that he had been represented by counsel or that he had waived counsel. (*Id.* at PageID.421-24). Judge Graves quoted petitioner's testimony from the sentencing hearing in which petitioner had conceded that the presentence investigation report was accurate. Judge Graves rejected petitioner's belated claims that he had not been represented or had not validly waived counsel. (ECF No. 18-7, PageID.494-95).

The judge's finding that the presentence report was accurate is entitled to a presumption of correctness. Petitioner has not carried his burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979), the Supreme Court held that "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." Subsequently, in *Nichols v. United States*, 511 U.S. 738, 749 (1994), the Supreme Court held that "an uncounseled misdemeanor conviction, valid under *Scott* because no prison

term was imposed, is also valid when used to enhance punishment at a subsequent conviction."[6]

It was petitioner's burden to prove the invalidity or unconstitutionality of his prior convictions. *See Parke v. Raley*, 506 U.S. 20, 28-34 (1992). By not objecting to the consideration of the purportedly invalid convictions at the sentencing hearing, he "not only failed to carry his burden of showing the invalidity of those convictions, he failed to shoulder it." *Hobson v. Robinson*, 27 F. App'x 443, 445 (6th Cir. 2001). The state court decision rejecting petitioner's claim is entitled to AEDPA deference. Petitioner failed to shoulder or carry his burden under 28 U.S.C. § 2254(d). Ground V does not provide a basis for federal habeas corpus relief.

B.    <u>Felony Convictions</u>

In Ground VI, petitioner argues that the trial court violated his "Fourteenth Amendment right to due process to be sentenced according to accurate information, where the [t]rial [c]ourt considered [m]isdemeanors as [f]elony convictions when

---

[6]In *Nichols v. United States*, the Supreme Court overruled *Baldasar v. Illinois*, 446 U.S. 222 (1980). *See Nichols*, 511 U.S. at 748-49. Even before the Supreme Court overruled *Baldasar*, the federal courts recognized the limited scope of the Court's holding in *Baldasar*: an uncounseled misdemeanor conviction could not "be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term." 446 U.S. at 222. "[T]he holding of *Baldasar* [was] limited to prohibiting the elevation of a misdemeanor to a felony by reason of an uncounseled conviction[.]" *United States v. Falesbork*, 5 F.3d 715, 718 (4th Cir. 1993); *see United States v. Burroughs*, 5 F.3d 192, 194 (6th Cir. 1993). As is shown in greater detail in the discussion of Ground VI, petitioner's convictions were not converted misdemeanors. They have always been felony convictions.

scoring his sentencing guidelines and determining his [h]abitual [o]ffender status."[7] (Amended Petition at 13, ECF No. 11, PageID.240). Petitioner relies on the brief that he filed in support of his motion for relief from judgment. (*Id.*). He argues that his three prior felony convictions used to support the habitual offender notice were misdemeanor convictions. (ECF No. 18-6, PageID.427-30).

Judge Graves rejected petitioner's argument that misdemeanor convictions had been used to establish his status as an habitual offender, fourth felony offense. Petitioner "pled guilty to being a habitual felon, 4th felony offense. In so doing, he acknowledged in his plea that he had two prior convictions of OUIL-3d offense and a prior conviction for attempted obstruction of justice." (ECF No. 18-7, PageID.493-94). Petitioner's was incorrect when he claimed that OUIL-3d was not a felony. (*Id.* at PageID.494). Under Mich. Comp. Laws § 257.625(9)(C), OUIL-3d "is a felony." (ECF No. 18-7, PageID.494).

Judge Graves likewise rejected petitioner's argument that the guilty plea that he had entered in the 13th Circuit Court for Antrim County on or about October 19, 1998, was "involuntary" and could not be used to enhance his sentence because he "was not informed that by entering the plea that the conviction would later be construed as a felony for subsequent convictions." (ECF No. 18-6, PageID.427). Judge Graves held that "there was no legal requirement that [petitioner] be so advised." (ECF No. 18-7, PageID.494). He held that petitioner's conviction in Antrim County for attempted

---

[7] A sentence may violate due process if it is based upon material misinformation of constitutional magnitude. *See United States v. Tucker*, 404 U.S. 443, 447 (1972).

accessory after the fact was a felony conviction. (*Id.*). A felony is a crime for which the offender, upon conviction, may be punished by imprisonment for more than one year.[8] *See People v. Smith*, 378 N.W.2d 384, 387-93 (Mich. 1985); Mich. Comp. Laws § 761.1(f). The crime of attempted accessory after the fact is punishable by five years' imprisonment. *See People v. Compagnari*, 590 N.W.2d 302, 304 n.1 (Mich. Ct. App. 1998); *People v. Cunningham*, 506 N.W.2d 624, 625 (Mich. Ct. App. 1993); MICH. COMP. LAWS §§ 750.92(2), 750.505.

Petitioner has not addressed, much less has he carried his burden under 28 U.S.C. § 2254(d). The Court finds that Ground VI does not provide a basis for federal habeas corpus relief.

## **Conclusion**

For the foregoing reasons, the habeas corpus petition will be denied.


Dated: September 29, 2017          /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   United States District Judge

---

[8]During the plea hearing, petitioner testified that, on or about November 16, 1998, he had been convicted in 13th Circuit Court of the felony of attempted obstruction of justice rather than attempted accessory after the fact. (PT, 19, ECF No. 18-4, PageID.358). However, the difference is inconsequential for present purposes because attempted obstruction of justice is also a felony. *See Kissner v. Romanowski*, No. 2:12-cv-10619, 2014 WL 1746496, at *1 (E.D. Mich. Apr. 30, 2014); MICH. COMP. LAWS §§ 750.92(2), 750.505.